Per Curiam.

The plaintiff is presently a resident of New York. In 1938, he was a resident and subject of Hungary, and an attorney admitted to practice in the courts of that country. He alleges that he was retained by the defendant in his professional capacity in that year at a salary payable in Hungarian currency. He sues in this action for breach of contract and has obtained jurisdiction of the defendant by attachment.
The defendant’s answer not only denies the alleged breach of contract, but affirmatively pleads that the contract required the plaintiff’s services to be performed in Hungary and that he fraudulently concealed his intention to emigrate to the United States.
The defendant moved to take the testimony of four witnesses in Hungary on written interrogatories. The plaintiff’s stipulation to accept affidavits eliminates the necessity for examining two of them. There remains the question of examination as to the witnesses La jos Walko, a director of the defendant, and Karoly Lamotte, general manager of the defendant. These are said to be the defendant’s officers familiar with the contract of hiring, the conditions of performance, and the plaintiff’s alleged misrepresentations.
The plaintiff opposed the examination on written interrogatories and contended that an open commission would be preferable. The Special Term ordered an open commission to be held in Switzerland and required the defendant to advance $3,500 for the fees and expenses of the plaintiff’s counsel. It accepted the plaintiff’s argument that his presence would be necessary to aid his counsel on cross-examination and that it would be dangerous for him to enter Hungary for political reasons.
On the present record it is our opinion that the terms and conditions imposed by the Special Term are too onerous. It may be that they would make it impossible for the defendant to secure its proof if unable to obtain the attendance of its witnesses in Switzerland.
Further, we see no reason why the interests of justice in this case cannot be properly served by an examination of the defendant’s officers on written interrogatories in Hungary. The fact that the interrogatories are taken in Hungary will be a matter for consideration by the triers of the facts. We see little advantage in the issuance of an open commission and a great deal of difficulty and expense in executing the same. If it be made to appear on the return of the interrogatories that the examination is inadequate, and that this was not due to the failure to submit proper interrogatories or cross interrogatories, the *827 plaintiff may move for an open commission or make such further motion as he may deem advisable.
The order should be accordingly modified so as to provide for the examination of the witnesses Walko and Lamotte on written interrogatories, with $20 costs and disbursements to the appellant.